865 F.2d 1269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re R. Gregory PARK, Nancy L. Brock, Barbara Cook.
Walter GAFFNEY, Petitioner,
v.
Otis R. BOWEN, Secretary of Health and Human Services, Respondent.
 No. 86-3143.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1989.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Walter Gaffney petitions for a review of the decision of the United States District Court for the Southern District of Ohio denying his Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(1)(A). On appeal, petitioner contends that the district court erred in applying a "reasonableness" test in denying his motion and that even under the reasonableness test, the court erred in denying the motion.
 
 
 2
 Walter Gaffney was born on August 15, 1935 and was forty-six years old when he filed an application for supplemental security income in 1982. He had previously worked as a janitor but claimed that he was disabled due to chronic alcoholism. The Secretary of Health and Human Services initially denied his application after an administrative law judge (ALJ) found that he was not "disabled" under the Social Security Act because he was capable of doing light work similar to his previous work. The ALJ further found that Gaffney's testimony as to pain and other symptoms was not entirely credible. Upon review of the Secretary's decision under 42 U.S.C. Sec. 405(g), United States District Judge Herman J. Weber adopted the Magistrate's Report and Recommendation to reverse and remand based on his finding that Gaffney was so addicted to alcohol that he no longer had the ability to control its use. The decision of the Secretary was therefore reversed and the case was remanded for an award of benefits.
 
 
 3
 Gaffney then filed this action for attorney fees under the EAJA for his attorney's successful representation in this action. Attorney fees are to be awarded under EAJA unless "the position of the United States was substantially justified." 28 U.S.C. Sec. 2412(d)(1)(A). The district court denied Gaffney's motion, finding that the government's case had a reasonable basis both in law and in fact especially in light of the credibility findings of the ALJ. Thereafter, Gaffney filed a timely petition for review in this court.
 
 
 4
 On appeal, Gaffney contends that a finding by the court that the decision of the Secretary is not supported by substantial evidence automatically requires a finding that the position of the United States was not substantially justified and thereby supports an award of attorney fees under the EAJA. Therefore, the district court erred in applying a reasonableness test. Gaffney also contends that even under a reasonableness test, his motion for attorney fees should have been granted because the government's position was not substantially justified.
 
 
 5
 This case is before us to examine the propriety of the judgment of the district court in denying attorney fees under the EAJA. Since this matter was argued before us, this court has had the benefit of the Supreme Court's decision in Pierce v. Underwood, --- U.S. ----, 108 S.Ct. 2541 (1988), for guidance on this issue. This court now finds that it is controlling here.
 
 
 6
 In Pierce, the Court explained that the meaning of "substantially justified" in the EAJA means "justified to a degree that could satisfy a reasonable person." Id. at 2550. Pierce also requires that a decision regarding attorney's fees under the EAJA should be reversed only where the district court abuses its discretion. Id. at 2546-49. We find that the district court applied the proper standard of "reasonableness" and upon the facts of this case did not abuse its discretion in finding that the United States was substantially justified in its position in denying Gaffney's application for benefits particularly given the credibility determinations made by the ALJ.
 
 
 7
 Accordingly, in conformity with the Supreme Court's decision in Pierce, we agree that the award of attorney fees in this case is unwarranted. The judgment of the district court is therefore AFFIRMED.